### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### CLEVELAND DIVISION

| | |
|---|---|
| SARAH H. BROWN, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:22-cv-00148 |
| RGS FINANCIAL, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes SARAH H. BROWN ("Plaintiff"), by and through the undersigned, complaining as to the conduct of RGS FINANCIAL, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides in the Northern District of Ohio and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Ohio.

### PARTIES

4.   Plaintiff is a natural person over 18 years of age residing in Polk, Ohio, which lies within the Northern District of Ohio.

5.   Defendant is a third party debt collector claiming to provide "the best possible BPO and ARM Services."[1] Defendant is a corporation organized under the laws of the state of Texas with its principal place of business located at 1700 Jay Ell Drive, Suite 200, Richardson, Texas.

6.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

7.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

8.   The instant action arises out of Defendant's attempts to collect upon an outstanding credit card debt ("subject debt") said to be owed by Plaintiff.

9.   Upon information and belief, the subject debt stems from Plaintiff's past due payments said to be owed to First Savings Bank ("FSB").

10.   Upon further information and belief, after Plaintiff's purported default on the subject debt, the subject debt was charged off by FSB and placed with Defendant for collection purposes.

11.   Beginning in January 2022, Plaintiff began receiving communications from Defendant to her cellular phone, (419) XXX-5061, seeking to collect upon the subject debt.

12.   Defendant has used a variety of phone numbers in connection with its communications directed towards Plaintiff's cellular phone, including but not limited to (419) 912-3477 and (563) 284-7263, but upon belief, it has used other numbers as well.

---

[1] https://www.rgsfinancial.com/

13.   Upon speaking with Defendant, Plaintiff confirmed her identity, at which point Defendant advised that it was calling to collect upon the subject debt.

14.   Plaintiff did not want her cellular phone to be flooded with debt collection communications, and thus demanded that Defendant not communicate with her via her cellular phone in connection with its efforts to collect the subject debt.

15.   Nevertheless, later that same day, Defendant persisted in communicating with Plaintiff regarding the subject debt through her cellular phone.

16.   Plaintiff was frustrated and distressed that Defendant ignored her clear requests and continued to communicate with Plaintiff regarding the subject debt through her cellular phone, instead of doing so via other mediums.

17.   Upon information and belief, Defendant has a pattern and practice of refusing to honor consumer requests that its media of communication be limited, as Defendant has determined that it is more profitable to ignore applicable regulations and communicate with consumers through less expensive forms of communication, notwithstanding such consumers' demands that such forms of communication cease.

18.   Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to, emotional distress, aggravation, being harassed in violation of clear regulations prohibiting such harassment, harm and risk of harm to Plaintiff's concrete interests under the FDCPA to be free from harassing and abusive debt collection practices, and similar violations of her federally protected interests to be free from harassing and abusive debt collection practices.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

21. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts, and is similarly a business the principal purpose of which is the collection of debts.

22. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   **a.  Violations of FDCPA §§ 1692c(a)(1), 1692d & 12 C.F.R. § 1006.14**

23. The FDCPA, pursuant to § 1692c(a)(1), prohibits a debt collector from communicating with a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer." Pursuant to § 1692d, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in the collection of a debt." The recently updated Regulation F, pursuant to 12 C.F.R. § 1006.14, provides further guidance regarding what constitutes harassing and abusive conduct in violation of the FDCPA. Under 12 C.F.R. § 1006.14(h), "[i]n connection with the collection of any debt, a debt collector must not communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

24. Defendant violated §§ 1692c(a)(1) & 1692d through its harassing and abusive conduct in communicating with Plaintiff repeatedly through a medium which she had explicitly demanded Defendant cease utilizing. As illustrated by 12 C.F.R. § 1006,14(h), it is harassing, abusive, and in violation of the provisions covering communications with consumers for a debt collector to continue to communicate with a consumer once that consumer has demanded that such debt collector not use of a particular medium of communication. Here, notwithstanding Plaintiff's

4

demands that Defendant no longer communicate with her via her cellular phone, Defendant persisted in engaging in such communications, thus illustrating its violations of the FDCPA.

**b.  Violations of FDCPA § 1692e**

25. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

26. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A);

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5); and,

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

27. Defendant violated §1692e, e(2)(A), and e(10) when it deceptively persisted in communicating with Plaintiff via her cellular phone notwithstanding her demands that such communications cease. Defendant engaged in action it was lawfully prohibited from taking, and did so in an effort to extract payment from Plaintiff in violation of clear regulations governing the nature of its conduct.

**c.  Violations of FDCPA § 1692f**

28. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

29. Defendant violated §1692f when it unfairly persisted in communicating with Plaintiff's cellular phone despite the lawful ability to do so.

WHEREFORE, Plaintiff, SARAH H. BROWN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 27, 2022                                    Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)          s/Eric D. Coleman
Nathan C. Volheim, Esq. #6302103              Eric D. Coleman, Esq. #6326734
Counsel for Plaintiff                                        Counsel for Plaintiff
Admitted in the Northern District of Ohio     Admitted in the Northern District of Ohio
Sulaiman Law Group, Ltd.                           Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200          2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                             Lombard, Illinois 60148
(630) 568-3056 (phone)                            (331) 307-7648 (phone)
(630) 575-8188 (fax)                                 (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                       ecoleman@sulaimanlaw.com